**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION, AT KNOXVILLE**

| | | |
|---|---|---|
| ANNE WUNSCHEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | _____ |
| RICHARD FRITTS, RANDALL ERIC FRITTS, | ) | |
| MICHAEL PHILLIP FRITTS, FRITTS | ) | |
| FINANCIAL, LLC, THOMAS KEITH | ) | |
| WORMSLEY, BROOKSTONE CAPITAL | ) | |
| MANAGEMENT, LLC, SECURITIES | ) | |
| AMERICA, INC., and HORTER INVESTMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Brookstone Capital

Management, LLC ("Brookstone") hereby gives notice that it is removing the above styled

action from the Circuit Court for Knox County, Tennessee to the United States District Court for

the Eastern District of Tennessee.

### I.     INTRODUCTION

1.     Plaintiff Anne Wunschel commenced this action by filing a Complaint on

February 2, 2018 in the Circuit Court for Knox County, Tennessee, Docket No. 1-39-18. A true

and correct copy of all pleadings, process, and orders received by Brookstone is attached as

**Exhibit A**.

2.     Plaintiff's Complaint asserts various claims arising out of the purchase and sale of

certain alleged securities, including causes of action under the Securities Act of 1933 (15 U.S.C.

§ 77a *et seq.*), the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*), and the Investment

Advisors Act of 1940 (15 U.S.C. § 80b-1 *et seq.*), each within this Court's original jurisdiction.

3.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. §§ 1331 and 1367 because the claims arise under the laws of the United States or, as state

law claims, are so related as to form part of the same case or controversy.

## II.      PROCEDURAL REQUIREMENTS

4.      Plaintiff served Brookstone with the Summons and Complaint on February 12,

2018. This Notice of Removal is timely filed under 28 U.S.C. § 1446.

5.      No prior application has been made for the relief requested.

6.      The United States District Court for the Eastern District of Tennessee, Knoxville

Division, is the district and division embracing the place where this action is pending in state

court pursuant to 28 U.S.C. § 1441(a).

7.      Contemporaneous with the filing of this Notice of Removal, Brookstone will file

a copy of the same with the Clerk of the Circuit Court for Knox County, Tennessee, in

accordance with 28 U.S.C. § 1446(d).  Written notice of the filing of this Notice of Removal has

also been served upon Plaintiff.

8.      All Defendants consent to and join in the removal of this action pursuant to 28

U.S.C. § 1446(b)(2)(A).

9.      All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

## III.      FEDERAL QUESTION JURISDICTION

10.      Federal district courts have "original jurisdiction of all civil actions arising under

the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  Removal

jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.     Plaintiff has pleaded federal law claims arising under Securities Act of 1933 (15 U.S.C. § 77a *et seq.*), the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*), and the Investment Advisors Act of 1940 (15 U.S.C. § 80b-1 *et seq.*) (collectively, the "Federal Law Claims"). *See* Compl. ¶¶ 158-88. Therefore, this Court has federal question jurisdiction over the Federal Law Claims.

## IV.     **SUPPLEMENTAL JURISDICTION**

12.     The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

13.     Plaintiff's claims for negligence, negligence per se, breach of contract, breach of fiduciary duty, negligent misrepresentation, violation of the Tennessee Consumer Protection Act, unjust enrichment, civil conversion, violation of the Tennessee Securities Act of 1980, respondeat superior claims, and piercing the corporate veil (collectively, the "State Law Claims") are based upon the same factual allegations as Plaintiff's Federal Law Claims, as reflected by the Complaint's incorporation of the general factual allegations for all causes of action.

14.     Because Plaintiff's State Law Claims are based upon the same factual allegations, the State Law Claims arise out of the same case or controversy as Plaintiff's Federal Law Claims, and therefore, this Court can exercise supplemental jurisdiction over the State Law Claims.

15.     In addition, this Court should exercise supplemental jurisdiction over Plaintiff's State Law Claims in order to avoid unnecessary duplication of judicial resources. Plaintiff's State Law Claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief as set forth in the Federal Law Claims, and arise from the same transaction or occurrence. 28 U.S.C. § 1367(c).  Because these claims arise from the same nucleus of operative fact, they will each involve the same witnesses, presentation of substantially the same evidence, and a determination of the same or similar facts. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## V.      ADOPTION AND RESERVATION OF DEFENSES

16.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Brookstone's (or any Defendant's) rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

17.     To the extent remand is sought by Plaintiff or visited by the Court, Brookstone respectfully requests the opportunity to brief the issues and submit additional arguments as evidence.

18.     Brookstone reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

WHEREFORE, Brookstone hereby removes this matter from the Circuit Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee,

Knoxville Division, and respectfully requests that the Court accept this Notice and cause this matter to be docketed before the Court.

March 8, 2018                        Respectfully submitted,


                                        /s/  Thomas K. Potter, III
                                        Thomas K. Potter, III (TN Bar No. 024857)
                                        Payton Bradford (TN Bar No. 035053)
                                        BURR & FORMAN LLP
                                        222 Second Avenue South, Suite 2000
                                        Nashville, TN 37201
                                        Telephone:  (615) 724-3231
                                        Facsimile:  (615) 724-3331
                                        Email: tpotter@burr.com
                                                  pbradford@burr.com

                                        *Counsel for Defendant, Brookstone Capital Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means via CM/ECF and/or by first-class, United States mail, postage prepaid, on this the 8th day of March, 2018:

| | |
|---|---|
| Brent R. Laman, Esq.<br>Andrew Womack, Esq.<br>MOORE INGRAM JOHNSON & STEELE, LLP<br>Cedar Ridge Office Park<br>408 N. Cedar Bluff Road, Ste. 500<br>Knoxville, TN 37923<br>Tel.: (865) 692-9039<br>Fax: (865) 692-9071<br>brlaman@mijs.com<br>mawomack@mijs.com<br><br>*Counsel for Plaintiff, Anne Wunschel* | Mark D. Griffin, Esq.<br>Lori Patterson, Esq.<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>First Tennessee Building<br>165 Madison Avenue, Ste. 2000<br>Memphis, TN 38103<br>Tel.: (901) 577-8241<br>Fax.: (901) 577-0768<br>mgriffin@bakerdonelson.com<br>lpatterson@bakerdonelson.com<br><br>*Counsel for Defendants, Richard Fritts, Randall Eric Fritts, Michael Phillip Fritts, and Fritts Financial, LLC* |
| W. Kyle Carpenter,  Esq.<br>WOOLF, MCCLANE, BRIGHT, ALLAN & CARPENTER, PLLC<br>900 Riverview Tower<br>900 S. Gay Street<br>Knoxville, TN 37902<br>Tel.: (865) 215-1000<br>Fax.: (865 215 1001<br>kcarpenter@wmbac.com<br><br>Matthew Fornshell, Esq.<br>Nicole Woods, Esq.<br>ICE MILLER LLP<br>250 West Street, Ste. 700<br>Columbus, OH  43215<br>Tel.: (614) 462-2319<br>Fax.: (614) 232-6883<br>Nicole.woods@icemiller.com<br><br>*Counsel for Defendant, Horter Investment Management, LLC improperly named as Horter Investment Company, LLC* | Christopher G. Lazarini, Esq.<br>BASS, BERRY & SIMS PLC<br>The Tower at Peabody Place<br>100 Peabody Place, Ste. 1300<br>Memphis, TN  38103-3649<br>Tel.: (901) 543-5702<br>Fax.: (866) 422-6479<br>clazarini@bassberry.com<br><br>*Counsel for Defendants, Securities America, Inc. and Thomas Keith Wormsley* |

*/s/ Thomas K. Potter, III*
Thomas K. Potter, III